

ENTERED
10/03/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| HERACLEO CANCHOLA and | ) CASE NO. 10-40042-H3-13 |
| KARLA CANCHOLA, | ) |
| | ) |
| Debtors, | ) |
| | ) |
| HERACLEO CANCHOLA and | ) |
| KARLA CANCHOLA, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) ADV. NO. 11-3492 |
| | ) |
| FIRST COMMUNITY CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

The court has held an emergency hearing on the "Complaint for Injunction" (Docket No. 1) and the request for a temporary restraining order contained in the "Motion for Emergency Hearing on Complaint for Temporary Injunction" (Docket No. 2). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the requested relief. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To

the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Heracleo Canchola and Karla Canchola ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 1, 2010. (Docket No. 1, Case No. 10-40042-H3-13).

On May 25, 2011, First Community Credit Union ("Defendant") filed a motion for relief from stay, with respect to commercial property located at 14721 Pebble Bend, Houston, Texas. (Docket No. 70, Case No. 10-40042-H3-13).

On June 22, 2011, the court entered an agreed order prepared by the parties with respect to Defendant's motion for relief from stay. The agreed order (Docket No. 83, Case No. 10-40042-H3-13) generally resembles several of the standard forms of order promulgated by the court with respect to orders conditioning stay, but differs from those standard forms in several respects.[1] The order provides in pertinent part:

---

[1] Defendant takes the position that the agreed order at issue in the instant case is the standard order promulgated as O-404. Form O-404 is a form of agreed order conditioning the automatic stay in a Chapter 7 case. Form O-405 is the standard form in a Chapter 13 case. That form contains a paragraph 3 determining the nature of a default in payments, a paragraph 4 conditioning the stay on making regular monthly payments, maintaining insurance and paying taxes, making payments to a homeowners association, and making payments to the Chapter 13 Trustee. The agreed order in the instant case omits the paragraph 3 from the standard form, has two additional events of default, and mistakenly refers in paragraph 4 to paragraph 4.

>   3.  The Debtor(s) must:
>
>   * * *
>
>   C.  Maintain insurance and pay all ad valorem taxes on the property and provide continuous proof of insurance as required by the deed of trust, and payment of ad valorem taxes to the holder of the note.  There are no provisions in the deed of trust for escrowed taxes and insurance as these items are paid directly by Debtors.
>
>   * * *
>
>   F.  As the Movant's claim is over-secured, pay to counsel for Movant the amount of $650.00 for the Movant's legal fees made necessary by the filing of this motion not later than July 15, 2011.
>
>   * * *
>
>   4.  If the Debtor(s) fail to comply with paragraph 4 of this Order, other than paragraph 4A, or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail.  If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a Final Default under this Order.  Movant is only required to send two notices of default under this order.  If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

(Debtor's Exhibit A).

On July 15, 2011, Defendant gave Debtors notice of default under Paragraph 3C of the agreed order.  (Defendant's Exhibit 1).  The notice describes Debtors' default in payment fo 2010 ad valorem taxes on the property.

On July 19, 2011, Defendant gave Debtors notice of default under Paragraph 3F of the agreed order.  (Defendant's

Exhibit 2). The notice describes Debtors' failure to pay $650.00 in attorney fees to Defendant's counsel.

On July 25, 2011, Debtors, by check written on an account of Vacuums of America, Inc., payable to Defendant's counsel, Frederick L. Unger, paid $650.00. (Defendant's Exhibit 3).

On August 2, 2011, Defendant filed notice of termination of the automatic stay, citing the July 15, 2011 and July 19, 2011 notices of default, and noting Debtors' additional failure to make mortgage payments. (Docket No. 94, Case No. 10-40042-H3-13).

Debtors have stipulated that they were in default of the timely payment of taxes, the payment to Unger, and mortgage payments.

Debtors take the position that the stay should remain in effect, and Defendant should be enjoined from conducting a foreclosure on October 4, 2011, because Paragraph 4 of the agreed order refers to a default under Paragraph 4, and not under Paragraph 3.

## Conclusions of Law

In determining whether to grant injunctive relief, the court considers 1) the existence of irreparable harm to the Plaintiffs and absence of an adequate remedy at law; 2) the Plaintiffs' probability of success on the merits; 3) the balance

of the threat of harm to Plaintiffs against the threat of harm to the opposing party; and 4) the public interest. <u>Commonwealth Life Ins. Co. v. Neal</u>, 669 F.2d 300 (5th Cir. 1982).

In the instant case, although there are errors in the drafting of Paragraph 4 of the agreed order, those errors are not fatal to Defendant's notices to Debtors, in light of Debtors' admitted default under Sections 3C and 3F of the agreed order, and their subsequent default in regular monthly mortgage payments.

To the extent Paragraph 4 of the agreed order is ambiguous, the court interprets the references at Paragraph 4 to Paragraph 4 and 4A to refer to Paragraph 3 and 3B, respectively. As such, because Debtors defaulted under Paragraphs 3C and 3F, and defaulted a third time on payments, Defendant's notice of termination was proper and is effective.

The court concludes that, because Debtor cannot succeed on the merits, the request for a temporary restraining order should be denied. The court notes that denial of the requested relief effectuates a ruling on the merits of the underlying complaint. Thus, the court concludes that the relief requested in the instant adversary proceeding should be denied.

Based on the foregoing, a separate Judgment will be entered denying the request for a temporary restraining order,

5

and denying the relief requested in the complaint in the above captioned adversary proceeding.

Signed at Houston, Texas on October 3, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE